## WILLIAM PRESCOTT vs. JEFFERSON BANCROFT.

In a declaration against an officer for not returning a bail bond with the writ upon which he returned an arrest and the taking of bail, it is not necessary to allege that an execution against the person who gave bail was returned *non est inventus*, within a year after judgment against him ; nor that such person had avoided; nor that the plaintiff in the original action, or any one in his behalf, made the oath, which by Rev. Sts. c. 90, c. 90, § 111, is required to be made in order to warrant an arrest.

THIS was an action against a deputy sheriff for not returning a bail bond, in a suit brought by the plaintiff against Savels & Willey. The declaration averred, that the plaintiff sued out a writ against said Savels & Willey, and delivered the same to the defendant with directions to attach their property, and for want thereof to arrest Willey; that the defendant returned on said writ (*inter alia*), that he had arrested said Willey and held him to bail ; that the plaintiff recovered judgment against Savels & Willey, and sued out execution thereon, which was delivered to the defendant for service, and which he returned wholly unsatisfied ; and that the defendant did not return any bail bond with the original writ, nor at any time afterwards, though specially requested so to do within a year from the time of the rendition of the plaintiff's judgment aforesaid.

After verdict for the plaintiff, the defendant filed a motion in arrest of judgment. 1st. Because it is not alleged in the declaration, that a return of *non est inventus* was made on the execution, that issued on the judgment in the original suit, within a year after the rendition of said judgment, so that an action could be maintained on the bail bond taken in said suit. 2d. Because the declaration does not allege that Willey avoided, or that he was, at any time within a year after judgment rendered against him, without the county of Middlesex. 3d. Because the declaration does not allege that the execution, which issued on the original judgment, ran against the body of Willey ; or that he could have been legally arrested on said execution, or on the original writ.

*Farley* and *Mellen*, for the defendant, cited *Mc Gee* v. *Bar-*

*ber,* 14 Pick. 212. *Wheeler* v. *Willard,* 14 Pick. 486. *Ruggles* v. *Ives,* 6 Mass. 494.

*L. Williams,* for the plaintiff, cited Rev. Sts. *c.* 91, § 4. *Rayner* v. *Bell,* 15 Mass. 377. *Laflin* v. *Willard,* 16 Pick. 64.

DEWEY, J. The objections taken to the declaration cannot prevail, if sufficient matter is set forth to show a good substantive cause of action. The argument of the defendant seems to be founded upon the hypothesis, that no liability attaches to the officer for not returning a bail bond, until there has been a rendition of judgment against the debtor, an execution issued, and a return thereon of an avoidance by the debtor.

By the Rev. Sts. *c.* 91, § 4, it is made the duty of the officer, who shall make an arrest and take a bail bond, to return such bond with the writ. Any neglect of the officer, amounting to a breach of official duty, subjects him to an action ; as the law presumes that damages to some extent have been sustained. *Laflin* v. *Willard,* 16 Pick. 64. The declaration, in the present case, alleges the neglect of the defendant to return the bail bond with the writ, which of itself was a breach of official duty, and would entitle the plaintiff to maintain an action, and recover damages.

The other objection taken to the declaration is, that it is defective in not averring that the plaintiff, or some person in his behalf, made the proper oath before a justice of the peace, as required by the Rev. Sts. *c.* 90, § 111, before the arrest of the body of a defendant in a civil action is authorized.

If this were an action against the officer for neglecting to make an arrest, this objection might perhaps be well taken ; but where the gravamen alleged is, that the officer did in fact make an arrest and take a bail bond, but neglected to return the same with the writ, and the declaration avers, that the officer returned on said writ, that he had arrested the body of the defendant and held him to bail, it is unnecessary to allege the taking of the oath required by the statute, as the alleged return of the officer, indorsed on the writ, implies that he was legally authorized to make the arrest. Such a return would be at least *primâ facie*

evidence that the proper authority was given him for that purpose, and if he would defend himself on the ground that the requisite oath was not previously taken by the plaintiff, this is matter of defence to be taken on his part, and to be shown by h'm at the trial, and does not furnish any sufficient objection to the action, upon a motion in arrest of judgment.

*Judgment on the verdict.*